**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

**COMMODITY FUTURES
TRADING COMMISSION**

  **Plaintiff,**

**v.**

**BRIAN MITCHELL,
KEVIN MACK, JR.,
and YOUNG PROS INVESTMENT
GROUP LLC**

  **Defendant.**

**CIVL ACTION NO.**

**2:25-cv-13727-LJM-DRG**

---

### DEFENDANT BRIAN MITCHELL'S MOTION TO STAY PROCEEDINGS

---

Defendant Brian Mitchell, by and through their attorney of record, Collis, Griffor & Hendra, PC, move this Honorable Court to stay the proceedings in this matter due to impending federal charges against defendant Brian Mitchell by the United States Attorney's Office for the Eastern District of Michigan based on the same exact conduct as is the subject of the instant civil proceeding by the United States Commodity Futures Trading Commission ("CFTC"). As explained in more detail in the attached Brief in Support of the Motion to Stay Proceeding, "simultaneous criminal and civil cases involving the same or closely related facts," provide substantial justification for a stay of the civil proceeding because it "give[s] rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Specifically, "[t]he noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure

16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Securities and Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Pursuant to Local Rule 7.1, undersigned counsel sought concurrence with this Motion from the other parties. Defendant Mack concurs with the request. CFTC does not oppose the motion.

Dated: March 25, 2026

Respectfully submitted,

COLLIS, GRIFFOR & HENDRA, PC

/s/ *Stuart M. Collis*
Stuart M. Collis (P49530)
1851 Washtenaw Ave.
Ypsilanti, MI 48197
Telephone: (734) 827-1337
scollis@collisandgriffor.com

*Attorneys for Defendant Brian Mitchell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **COMMODITY FUTURES** **TRADING COMMISSION** | |
| **Plaintiff,** | **CIVL ACTION NO.** |
| **v.** | **2:25-cv-13727-LJM-DRG** |
| **BRIAN MITCHELL,** **KEVIN MACK, JR.,** **and YOUNG PROS INVESTMENT** **GROUP LLC** | |
| **Defendant.** | |

**DEFENDANT BRIAN MITCHELL'S BRIEF IN SUPPORT OF HIS MOTION TO STAY PROCEEDINGS**

Defendant Brian Mitchell, by and through their attorney of record, Collis, Griffor & Hendra, PC, state the following in support of their Motion to Stay Proceedings

**I.      Introduction**

The instant action brought by the United States Commodity Futures Trading Commission ("the CFTC") is based upon the alleged conduct of Brian Mitchell, Kevin Mack, Jr., and Young Pros Investment Group, LLC. Specifically, it concerns alleged fraudulent activity by Mr. Mitchell and Mr. Mack between the period of December 2020 through May 2022. Currently, the United States Attorney's Office in this district is conducting a parallel criminal investigation of the exact same conduct, with defendant Brian Mitchell and Kevin Mack, Jr. as its principal targets. Undersigned counsel has been informed by Assistant United States Attorney ("AUSA") Andre Yahkind, who is leading the federal criminal investigation, that he intends to bring criminal charges against Mr. Mitchell. The parties are currently in negotiation regarding the

potential disposition of the charges. These charges will be based upon the same conduct that is being pursued by the CFTC in the instant action.

Both the CFTC and the United States Attorney's Office are investigating and litigating the same allegations. As stated by the CFTC, the allegations are that the defendants fraudulently solicited and accepted approximately $1 million from approximately 33 members of the general public ("pool participants") to participate in a commodity pool operated by YPIG ("commodity pool" or "Pool"). The commodity pool was controlled by Defendants Mack and Mitchell and used pool funds to trade commodity futures contracts, including the e-mini S&P 500 and micro S&P futures contracts. Defendants' fraudulent solicitation practices included: (i) claiming that Mitchell was a successful trader; (ii) guaranteeing positive monthly returns; (iii) guaranteeing pool participants' principal contribution against; and (iv) failing to disclose to pool participants the risk of incurring losses when trading commodity futures contracts. In addition, YPIG acted as a commodity pool operator ("CPO") and Mitchell and Mack acted as associated persons ("APs") of a CPO without registration, in violation of Sections 4b(a)(1)(A)–(C), 4o(1)(A)-(B), 4k(2), and 4m(1) of the Commodity Exchange Act ("Act" or "CEA"), 7 U.S.C. §§ 6b(a)(1)(A)–(C), 6o(1)(A)-(B), 6k(2), 6m(1), and Commission Regulations ("Regulations") 3.12(a) and 4.20(a)(1), (b) and (c), 17 C.F.R. §§ 3.12(a), 4.20(a)(1), (b) and (c) (2025).

## II.     Applicable Law

This Court has "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v Fleming*, 498 F. Supp. 2d. 1034, 1037 (W.D. Mich. 2007). As the D.C. Circuit Court of Appeals explained, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving

the same matter." *Securities and Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376

(D.C. Cir. 1980). The D.C. Court of Appeals explained:

> The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injury the public interest, a court may be justified in deferring it.

*Id.* (emphasis added).

The court should examine the competing interests involved in deciding whether to issue a

stay. *Chao*, 498 F.Supp. at 1037. Some of the factors the court should "consider and balance" are:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil

case; (2) the status of the case, including whether the defendants have been indicted; (3) the

private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to

plaintiffs caused by the delay; (4) the private interests of and the burden on the defendants; (5)

the interests of the courts; and (6) the public interest. *Id.*

### III.    Argument

Here, federal criminal charges against defendant Brian Mitchell are not a possibility.

They are a certainty. It is only a matter of timebefore he is criminally charged by the United

States Attorney's Office, according to AUSA Andrew Yahkind.

Currently, Mitchell's attorneys and the United States Attorney's Office are in negotiations

related to the criminal charges. To accommodate the negotiations, and as a sign of good faith,

Defendant Mitchell entered into a Statute of Limitations Tolling Agreement regarding the

imminent charges.

An analysis of the Chao factors militates heavily in favor of the Court exercising its sound discretion by granting a stay of this proceeding pending the resolution of the federal criminal case.

Factor one examines the extent to which the issues in the criminal case overlap with the civil case and is regarded as "the most important factor." *Chao*, 498 F.Supp. at 1039. This is so, since if there is no overlap "there would be no danger of self-incrimination and no need for a stay." *Id*. The issues in the instant matter and the forthcoming criminal case are substantively identical. As noted in *Chao*, "[a] stay of civil proceedings is most likely granted where the civil and criminal actions involve the same subject matter and is even more appropriate where both actions are brought by the government." *Id.* (internal citations omitted). Here, both actions will have been brought by the government. Accordingly, the fact that the government will have brought both cases against the same defendants on identical factual allegations strongly supports the granting of a stay.

Factor two considers the status of the case. Generally, the case for a stay is strongest where a defendant has already been indicted. *Id*. at 1038. Here, the United States Attorney's Office has disclosed that Defendant Mitchell is to be charged, but the charging was delayed so that the parties may be able to reach a resolution. However, the fact that Defendant Mitchell has not yet been charged is not dispositive. As explained in *Chao*, where a criminal charge is an eventuality, rather than mere speculation, it weighs in favor of granting a stay. *Id.*

Courts in other jurisdictions are particularly cognizant of the Fifth Amendment privilege against self-incrimination in considering whether to grant a stay. This is because "the right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the **possibility** of prosecution." *Slagowski v. Central Wash. Asphalt*, 291 F.R.D. 563 (D. Nev.

2013) (emphasis added). Courts are reluctant to place a criminal defendant in the untenable position of choosing between their defense in one action and their Fifth Amendment privilege. *Id.* Accordingly, given that criminal charges against Defendant Mitchell for the same conduct being pursued in this matter are imminent and not just speculative, factor two weighs heavily in favor of granting a stay.

Factor three considers the interests of the plaintiff, here the CFTC. An important consideration is the possibility of a delay in the prosecution. The Court in *Chao* noted that when indictment is not "some fanciful and far off possibility" it is unlikely that significant delay will result. *Chao*, supra, at 1038. Further, the public interest in "effective criminal prosecution generally outweighs any existing civil interests." *Securities and Exchange Comm'n v Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016).

In the instant matter, criminal charges are imminent and protecting the criminal prosecution weighs in favor of granting a stay. Defendant Mitchell is willing to stipulate to the entry of a preliminary injunction preventing him from acting as a trader to the public during the pendency of this action. Furthermore, the resolution of the criminal charges could free Defendant Mitchell to be more responsive to discovery or examination by allowing him to supply responses without fear of self-incrimination, which benefits Plaintiff. Accordingly, neither the CFTC nor the alleged victims in this case will be harmed, and factor three weighs in favor of granting a stay.

Factor four considers the interests and burden on the defendants. Considerations of the implications of the Fifth Amendment protections against self-incrimination are essential to this factor. A stay will eliminate the risk that defendant Mitchell's "Fifth Amendment privilege against self-incrimination might be undermined, that criminal discovery might be expanded

beyond the limits of Rule 16(b) of the Federal Rules of Criminal Procedure, and that either side might otherwise be prejudiced in advance of the criminal trial." *Abdallah*, at 64-65. This recognizes that a Defendant should not have to choose between testifying in a civil case and giving up their Fifth Amendment privilege in a criminal case. *Id*. Therefore, this consideration weighs in favor of a stay.

Factor five considers the interests of the court. The factor considers the convenience of the court in the management of its cases, and the efficient use of judicial resources. Courts have recognized that they reduce their own case management burden by requiring the parties to "advise the Court on any development in the criminal case." *Chao*, supra, at 1040. Defendants are willing and able through counsel to keep this Court apprised of the progress in the criminal case.

Furthermore, resolution of the criminal matter could expedite the resolution of this civil matter. "The conviction of a civil defendant as a result of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case [] and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *Abdallah*, supra, at 65. Accordingly, the interests of this Court will not be impacted by the issuance of a stay in this matter.

Factor six considers the public interest. While recognizing the consideration of the alleged victims and the public in general, Defendant Mitchell is willing to stipulate to the entry of a preliminary injunction preventing him from acting as a trader to the public during the pendency of this action and no additional detrimental conduct will occur. Further, the initiation of and protections included in the criminal case "will serve to protect and advance those same

interests." *Id.* Therefore, the issuance of a stay will not be detrimental to the interests of the public. *Id.*

## IV.    Conclusion

For the reasons stated above, the instant matter should be stayed until the completion of the forthcoming federal criminal case against Brian Mitchell.


Dated: March 25, 2026                             Respectfully submitted,

                                                  COLLIS, GRIFFOR & HENDRA, PC

                                                  /s/ *Stuart M. Collis*
                                                  Stuart M. Collis (P49530)
                                                  1851 Washtenaw Ave.
                                                  Ypsilanti, MI 48197
                                                  Telephone: (734) 827-1337
                                                  scollis@collisandgriffor.com

                                                  *Attorneys for Defendant Brian Mitchell*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically upon counsel of record by electronic mail on March 25, 2026.

/s/ *Stuart M. Collis*
Stuart M. Collis (P49530)